CLEMENT v. PERE MARQUETTE RAILROAD CO.

1. RAILROADS—KILLING STOCK—FAILURE TO FENCE—VARIANCE.
   In an action against a railroad company for killing horses on its track, the negligence alleged being failure to maintain the statutory fence, and it being alleged that the horses went upon the track at a point where such fence was required, proof that the horses got upon the track as alleged is necessary to plaintiff's case, and evidence on the part of defendant that they went there over proper cattle-guards is proper.

2. SAME—CATTLE-GUARDS—SUFFICIENCY.
   The sufficiency of a cattle-guard in good repair, of a pattern approved by the commissioner of railroads, as provided by the statute (2 Comp. Laws, § 6294), is not to be questioned.

Error to Kalkaska; Chittenden, J.    Submitted October 5, 1904.    (Docket No. 13.)    Decided October 18, 1904.

Case by Elisha Clement against the Pere Marquette Railroad Company for the alleged negligent killing of plaintiff's horses.    There was judgment for plaintiff, and defendant brings error.    Reversed.

*Frederick W. Stevens* (*Charles McPherson*, of counsel), for appellant.

*Wayne Simmons* (*Parm C. Gilbert*, of counsel), for appellee.

HOOKER, J. Defendant, a railway company, has brought error from a judgment rendered against it in an action for negligently killing two horses owned by the plaintiff. The declaration charges negligence consisting of a failure to erect and maintain the statutory fences upon the line of defendant's railway, and that plaintiff's horses strayed and went upon the defendant's right of way at a place where such fences were required, and were struck and killed by defendant's locomotive. By way of defense the defendant introduced proof that the horses entered by passing over the cattle-guards, which were such cattle-guards as had been prescribed by the commissioner of railroads in compliance with the statute, and that they were at the time in good condition and repair; there being a claim, and perhaps evidence tending to show, that these cattle-guards were adequate as against most horses and cattle.

Counsel for the plaintiff maintain that the only questions before the jury were:

*First.* Did the defendant maintain lawful fences?
*Second.* Were the horses killed upon defendant's right of way by its locomotive?

Counsel say that defendant had no right to bring into the case the question whether the horses were killed upon the highway, or crossed the cattle-guard to get upon the track. We think counsel have overlooked the necessity of proving that the injury resulted from defendant's failure to fence, and that, therefore, it was competent for defendant to show that the horses did not go upon the track across a part of the line that should have been fenced. To make out his case it was necessary to prove such an entry upon the right of way as he had alleged. Proof by the plaintiff that they came over the cattle-guard would have been a variance, and such proof for the defendant tended to disprove the charge.

In charging the jury the judge said that they might find for the plaintiff, although the horses were found to have entered over the cattle-guard, and not by reason of the absence of the statutory fence, provided they found

that the cattle-guard was not in good condition, or was not a good and sufficient cattle-guard, which would turn back and restrain stock under ordinary circumstances. He also said:

"It is a question of fact in this case whether the cattle-guard was in good repair. If it was not in good condition and of the proper pattern, and if the horses of the plaintiff went upon the right of way of defendant and were killed by reason of such defect, then the plaintiff is entitled to recover, and your verdict will be for the value of said horses."

The statute (Act No. 165, Pub. Acts 1889; 2 Comp. Laws, § 6294) contains a requirement for fences and cattle-guards, and contains the following proviso:

"*Provided*, that any fence or cattle-guard which shall have the written approval and indorsement of the commissioner of railroads of this State, and which fence is not less than four and one half-feet in height, and is otherwise equal in durability, strength, and sufficiency to turn animals and stock to the fences herein described, shall be a legal railroad fence or cattle-guard."

The record shows that the cattle-guard was of a kind prescribed in writing by the commissioner of railroads, and it is said that there was uncontradicted evidence that it was in good repair and condition. If that is true, it was error to leave to the jury the question of its condition and repair in the language used; but, in any event, it was error to instruct the jury that they might find the defendant liable if, in their opinion, the evidence showed that (although in good condition and repair) it was not good and sufficient, or would not turn back and restrain cattle under ordinary circumstances. The law precludes such an inquiry, for it provides that the action of the commissioner is conclusive upon that question. See *La Flamme* v. *Railway Co.*, 109 Mich. 511 (67 N. W. 556). It was also error to permit evidence on the part of the plaintiff that cattle-guards of that pattern, in good condition and repair, would not ordinarily turn cattle and horses.

The judgment is reversed, and a new trial ordered.

The other Justices concurred.